## MULLEN et al. v. KING DRILL CO. et al.

(Circuit Court, D. Indiana. July 22, 1896.)

PATENTS—VALIDITY AND INFRINGEMENT—GRAIN DRILLS.

The Mullen patent, No. 355,462, for an improvement in grain drills, designed for the special purpose of drilling seed between rows of standing corn, *held* valid, and infringed as to claims 1 and 2.

This was a suit in equity by Winfield W. Mullen and others against the King Drill Company and others for alleged infringement of a patent.

Chester Bradford, for complainants.

Coburn & Strong, for defendants.

BAKER, District Judge. This is a suit in equity, in the usual form, for infringement of letters patent No. 355,462, issued January 4, 1887, to Winfield W. Mullen and Francis M. Mullen, two of the complainants, for certain improvements in grain drills. The invention which forms the subject-matter of the patent is designed for the special purpose of drilling seed between rows of corn in the farming process known as "double cropping." It differs from ordinary grain drills, either adjustable or nonadjustable, in that its outer drill-teeth automatically follow the bases of the corn hills. In the specification it is said:

"This drill is mostly used where it is desired to sow grain between rows of corn, and its operation is as follows: The three central drill-teeth, being rig-

idly mounted on the frame, A, move directly forward, as the drill progresses through the field, in parallel lines; but the outer drill-teeth, being mounted on the spring-mounted wings, B, as they move along next the hills, will swing in and out, and accommodate themselves to the inequalities in the ground produced by such hills, and leave a line of seed which practically follows the bases of the hills of corn. By this means any tearing up of the hills of corn is avoided, and at the same time the grain is drilled very close to them, which is very desirable."

Only claims 1 and 2 are involved in this suit. They are as follows:

"(1) The combination, in a grain drill, of the main or central frame, A, the usual drill mechanism and drill-teeth, and the outer frame parts or wings, B, said wings being pivoted to the frame, A, with springs interposed between said wings and said frame. (2) The combination of the main frame, A, the usual seed-box and feeding mechanism, the spring-mounted wings, B, and spouts leading from the seed-box to the drill-teeth; the spouts which lead to the teeth on said wings being of a telescopic construction, substantially as set forth."

The defenses are want of invention as shown by the prior state of the art, anticipation as disclosed by certain prior patents, and non-infringement.

The patent is prima facie evidence of both novelty and utility, and neither of these presumptions has been rebutted by the evidence. On the contrary, they are strengthened. No anticipation of the complainants' combination is shown, although the attempt has been made to prove anticipation. The fact that it has been infringed is admitted by the defendants' expert, and its utility is sufficiently established as against the defendants by their infringement of it, as well as by direct proofs of utility found in the record. Let a decree be entered adjudging the validity and infringement of claims 1 and 2, with the usual injunction and reference for an accounting.